UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
ROBERT A. MAHAFFY,

                Plaintiff,

      -against-

THE CITY OF NEW YORK, THE NEW YORK     09-CV-1593 (AKH)
CITY DEPARTMENT OF EDUCATION, BRONX
AEROSPACE ACADEMY HIGH SCHOOL and
BARBARA KIRKWEG, in her official and
individual capacities,

                Defendants.
-----------------------------------------------------------------X

## DEFENDANT KIRKWEG'S MEMORANDUM OF LAW

Defendant Barbara Kirkweg (Kirkweg) respectfully submits this memorandum in support of her motion for summary judgment to briefly address dismissal of plaintiff's Fifth Cause of Action for "Defamation Per Se Under State Law". As is set forth below, based upon the undisputed facts, Kirkweg is not liable to plaintiff Robert Mahaffy because the statements attributed to Kirkweg in the New York Daily News article that are the alleged basis for the defamation claim are true. For that reason alone, the Fifth Cause of Action should be dismissed as a matter of law. For the reasons recited by the City Defendants, the First through Fourth Causes of Action against all defendants also should be dismissed.

## ARGUMENT

Setting aside all other issues that arguably would support dismissal of plaintiff's defamation claim if this case were to proceed to trial – such as, who has the

burden of proof with respect to the truth of the allegedly defamatory statements; are one or both of the parties public figures with respect to the publication at issue; were the matters addressed matters of public interest; does a qualified privilege attach to Kirkweg's statements; was it a so-called "privileged occasion"; did it involve a so-called "right of reply"; given that plaintiff was not identified by Kirkweg or by the author of the article, did anyone reasonably understand that the statements attributed to Kirkweg were about plaintiff; did plaintiff suffer any harm as a result of the statements attributed to Kirkweg, among others -- Kirkweg seeks by her motion to have plaintiff's defamation claim dismissed as a matter of hornbook law simply because the statements attributed to her in the Daily News Article are true. Plaintiff has acknowledged their truth in his deposition testimony and the record otherwise renders their truth unassailable.

As recited in defendant Kirkweg's Rule 56.1 Statement, on May 14, 2008, the NEW YORK DAILY NEWS published an article regarding Bronx Aerospace Academy being placed on probation by the Air Force ROTC. (The article is annexed as Kirkweg Exhibit A to the Declaration In Support Of Defendant Kirkweg's Motion For Summary Judgment (the Daily News Article).) The only references in the complaint to the allegedly defamatory content of the Daily News Article appear in paragraphs 53 and 96.

In paragraph 53 of the complaint, plaintiff accurately alleges as follows:

> This article contained the following quote by Defendant Kirkweg: 'the Air Force probation [referred to earlier in the article] came on the word of a retired Air Force Sergeant who she is firing from the ROTC program. That Sergeant, she said, was one of the people in charge of the ROTC account where the funds were in question.'

2

In his deposition testimony, plaintiff identified the portion of the Daily News Article quoted in paragraph 53 of the complaint to be the defamatory portion of the article. See Kirkweg Exhibit C, pages 195-96.

In response to the allegation in paragraph 53 of the statements attributed to her in the Daily News Article, defendant Kirkweg answered as follows in paragraph 53 of her Answer (Kirkwood Exhibit D):

> Admit the allegations set forth in paragraph "53" of the complaint. Plaintiff had been informed eleven days earlier that he would be terminated. Plaintiff was one of the people in charge of the AFJROTC funds account during the time period cited in the Daily News article. Both statements were true.

See also Kirkweg Exhibit B, pages 462-65, 472-75 and 485-86, excerpts of defendant Kirkweg's deposition testimony in which she confirms that plaintiff had been informed he would be terminated and that plaintiff was one of the people in charge of the AFJROTC account where the allegedly missing funds had been held.

In paragraph 96 of the complaint, plaintiff alleges as follows:

> Defendant Kirkweg published defamatory statements about Plaintiff, including without limitation, assertions that: a) Plaintiff was responsible for $66,800 in unaccounted funds; and b) the AFJROTC probation was due to Plaintiff's conduct.

Defendant Kirkweg did not say, and there is nothing in the record, not even in the deposition testimony of plaintiff, that indicates she said either of the statements attributed to her in paragraph 96 of the complaint, nor do those statements reflect the gist of anything defendant Kirkweg did say.

In response to the allegations in paragraph 96 of the complaint, defendant Kirkweg answered as follows in paragraph 96 of her Answer (Kirkweg Exhibit D):

3

> Deny the allegations set forth in paragraph '96' of the complaint. a. Plaintiff was one of the people responsible for the funds during the dates specifically cited in the 10 April 2008 Air Force letter, and quoted in the Daily News article. b. The Daily News article quote was that the 'Air Force Probation came on the *word* of the plaintiff,["] it makes no reference to plaintiff *conduct* as is asserted in paragraph '96b' of the complaint. . . .

See also Kirkwood Exhibit B, pages 462 and 485-86, excerpts of defendant Kirkweg's deposition testimony, in which she confirms she did not say plaintiff was responsible for $66,800 in unaccounted funds or that the AFJROTC probation was due to plaintiff's conduct.

Plaintiff admitted at pages 196 and 197 of his deposition testimony (Kirkweg Exhibit C) that the content of the allegedly defamatory portion of the Daily News Article is true, as follows:

> Q. Let's just take this piece by piece here. The first sentence says 'Principal Kirkweg said the Air Force probation came on the word of the retired Air Force sergeant,' It's true, is it not, that you spoke to the Air Force about what you believe had to be problems at the school, correct?
>
> A. That's correct.
>
> . . .
>
> Q. Is it also true that Principal Kirkweg was firing you from the ROTC program?
>
> A. That is true.
>
> Q. . . . . It's true, is it not, that you were one of the people in charge of the ROTC account?
>
> A. For a period of time, yes.

4

## CONCLUSION

Again, setting all other issues aside for purposes of this motion, whether truth is a defense to be proved by defendant Kirkweg, see <u>Jung Hee lee Han v. State of New York</u>, 186 AD2d 536, 537 (2nd Dept. 1992), or falsity is to be proven by the plaintiff, see <u>McGill v. Parker</u>, 179 AD2d 98, 110-11 (1st Dept. 1992), the record is clear that the statements properly attributed to defendant Kirkweg are true. Plaintiff's defamation action therefore must be dismissed.

Dated: New York, New York
       August 31, 2010

SCOPPETTA SEIFF KRETZ & ABERCROMBIE
Attorneys for Defendant BARBARA KIRKWEG

By: _____
    Walter A. Kretz, Jr, (WK-4645)
444 Madison Avenue, 30th Floor
New York, NY 10022
wakretz@seiffkretz.com
212-371-4500