UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
ROBERT A. MAHAFFY,                              :
                                                :
                    Plaintiff,                  :    Case No. 09 Civ. 1593 (AKH)
                                                :
        v.                                      :
                                                :
THE CITY OF NEW YORK; THE NEW YORK              :
CITY DEPARTMENT OF EDUCATION; BRONX             :
AEROSPACE ACADEMY HIGH SCHOOL; and              :
BARBARA KIRKWEG, in her official and individual :
capacities,                                     :
                                                :
                    Defendants.                 :
------------------------------------------------------------------ x

# MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT KIRKWEG'S MOTION FOR SUMMARY JUDGMENT

THOMPSON WIGDOR & GILLY LLP

Scott B. Gilly
Gregory N. Filosa
85 Fifth Avenue, Fifth Floor
New York, New York 10003
Telephone: (212) 257-6800
Facsimile: (212) 257-6845

*Counsel for Plaintiff Robert Mahaffy*

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................ ii

TABLE OF EXHIBITS ..................................................................................................... iii

PRELIMINARY STATEMENT ........................................................................................1

STATEMENT OF MATERIAL FACTS............................................................................2

ARGUMENT......................................................................................................................2

    I.  DEFENDANT KIRKWEG'S MEMORANDUM OF LAW SHOULD BE STRICKEN .................................................................................................... 2

   II.  DEFENDANT KIRKWEG HAS FAILED TO MEET THE STANDARD FOR SUMMARY JUDGMENT............................................................................. 2

  III.  DEFENDANT KIRKWEG IS NOT ENTITLED TO SUMMARY JUDGMENT ON PLAINTIFF'S DEFAMATION CLAIM ................................................. 3

        A.  Even Assuming The Truth Of Defendant Kirkweg's Statements, Plaintiff Has Demonstrated A Claim For Defamation By Implication Which Survives Summary Judgment ............................ 4

        B.  The Statements Attributed To Defendant Kirkweg Are Not Truthful Statements............................................................................. 6

CONCLUSION...................................................................................................................9

## TABLE OF AUTHORITIES

**FEDERAL CASES**

*Anderson v. Liberty Lobby, Inc.*,
 477 U.S. 242 (1986)..................................................................................................2

*Celotex Corp. v. Catrett*,
 477 U.S. 317 (1986)..................................................................................................2

*Jasco Tools, Inc. v. Dana Corp.*,
 574 F.3d 129 (2d Cir. 2009)......................................................................................3

*Kessler v. Westchester County Department of Social Services*,
 461 F.3d 199 (2d Cir. 2006)......................................................................................3

*Krepps v. Reiner*,
 588 F. Supp. 2d 471 (S.D.N.Y. 2008).......................................................................3

*Levin v. McPhee*,
 119 F.3d 189 (2d Cir. 1997)......................................................................................4

*Pisani v. Staten Island University Hospital*,
 No. 06 Civ. 1016, 2008 U.S. Dist. LEXIS 30855 (E.D.N.Y. Apr. 15, 2008).......................3

*Tomassi v. Insignia Financial Group, Inc.*,
 478 F.3d 111 (2d Cir. 2007)......................................................................................2

**STATE CASES**

*Armstrong v. Simon and Schuster*,
 85 N.Y.2d 373 (1995)............................................................................................3, 4

*Equinox Management Group, Inc. v. Guardian Life Insurance Co.*,
 813 N.Y.S.2d 403 (1st Dep't 2006)...........................................................................3

*Memphis Publ. Co. v. Nichols*,
 659 S.W.2d 412 (Tenn. 1978)...................................................................................4

**MISCELLANEOUS AUTHORITIES**

Fed. R. Civ. P. 56(c) ............................................................................................................2

# TABLE OF EXHIBITS

Federal Complaint ........................................................................................................................ 1

City Defendants' Answer ............................................................................................................. 2

Defendant Kirkweg's Answer ...................................................................................................... 3

Excerpts from the deposition of Plaintiff Robert Mahaffy ........................................................... 4

Excerpts from the deposition of Defendant Barbara Kirkweg ...................................................... 5

Excerpts from the deposition of MaryAnne Mandell .................................................................. 6

Excerpts from the deposition of Elena Papaliberios .................................................................... 7

Affidavit of William McCoy ........................................................................................................ 8

Affidavit of Greg Winn ................................................................................................................ 9

Salary History of Plaintiff Mahaffy ........................................................................................... 10

Transcript of Performance Rating Appeal Hearing ................................................................... 11

Section 5 of the CBA ................................................................................................................. 12

Section 7 of the CBA ................................................................................................................. 13

Grievance Committee Decision ................................................................................................. 14

Report of the Committee Reviewing TSgt. Mahaffy's Unsatisfactory Rating .......................... 15

Plaintiff Mahaffy's 1999-2003 Air Force Performance Reviews .............................................. 16

8/25/10 Email from Defendant Kirkweg to Plaintiff Mahaffy ................................................... 17

9/11/07 Email from Defendant Kirkweg to Jo Alice Talley ...................................................... 18

11/22/07 Email from Defendant Kirkweg to Plaintiff Mahaffy ................................................. 19

4/16/07 Resignation Letter of MSgt. Joseph Picone .................................................................. 20

4/16/07 Letter from Defendant Kirkweg to MSgt. Joseph Picone ............................................. 21

4/16/07 Resignation Letter of TSgt. Bobby Williams ............................................................... 22

4/16/07 Letter from Defendant Kirkweg to TSgt. Bobby Williams .......................................... 23

Plaintiff Mahaffy's Class Schedule for Week of 1/28/08 .......................................................... 24

2/13/08 Email from Defendant Kirkweg to Jo Alice Talley ...................................................... 25

Observation Report conducted by MaryAnne Mandell ............................................................. 26

Plaintiff Mahaffy's Termination Letter ..................................................................................... 27

2/9/08 Complaint of Parent Coordinator Chandra Joseph ......................................................... 28

2/29/08 Complaint of Parent Coordinator Chandra Joseph ....................................................... 29

3/2/08 Email from MaryAnne Mandell to Defendant Kirkweg ................................................. 30

3/19/08 Complaint of MaryAnne Mandell ..................................................................................31

3/24/08 Letter of Reprimand from MaryAnne Mandell to Plaintiff Mahaffy and Rebuttal..........32

4/11/08 Letter of Reprimand from MaryAnne Mandell to Plaintiff Mahaffy and Rebuttal..........33

4/14/08 Letter from MaryAnne Mandell to Plaintiff Mahaffy and Rebuttal ................................34

4/14/08 Letter from MaryAnne Mandell to Plaintiff Mahaffy and Rebuttal ................................35

4/6/08 Doctor's Note from Dr. Leslie Bennet ..............................................................................36

Observation Report conducted by Michelle Penn .......................................................................37

3/30/08 Letter to Students' Parents..............................................................................................38

4/8/08 Email from Timothy Opium to Sharon Berger.................................................................39

4/9/08 Email from Timothy Opium to Brian Rosenbloom ..........................................................40

4/22/08 Email from Elena Papaliberios to Brian Rosenbloom ....................................................41

4/28/08 Email from Elena Papaliberios .......................................................................................42

5/8/08 Email from Timothy Opium to Elena Papaliberios ..........................................................43

5/12/08 Email from MaryAnne Mandell to Plaintiff Mahaffy .....................................................44

The Daily News Article "Air Force May Ground BX. HS" .........................................................45

Step 1 Grievance form filed by Plaintiff Mahaffy .......................................................................46

Plaintiff Mahaffy's Annual Performance Review for 2007-2008 ................................................47

11/30/08 Letter from Defendant Kirkweg to Michelle Penn .......................................................48

Chancellors Committee Report....................................................................................................49

Letter from Santiago Taveras to Plaintiff Mahaffy, Defendant Kirkweg and E. Papaliberios......50

Plaintiff Mahaffy's Interview Application by Capt. Michael Hill................................................51

Letter from the Special Commissioner on Investigation .............................................................52

4/10/08 Letter from Col. Richard Ragaller to Elena Papaliberios ...............................................53

4/24/06 Letter from Col. Norm Balchunas to Defendant Kirkweg .............................................54

5/12/08 Email from Defendant Kirkweg to Marge Feinberg.......................................................55

5/12/08 Email from MaryAnne Mandell to Plaintiff Mahaffy .....................................................56

Confidential Portions of Defendant Kirkweg's Deposition.........................................................57

# PRELIMINARY STATEMENT

Plaintiff Robert Mahaffy ("Plaintiff" or "TSgt. Mahaffy") respectfully submits this Memorandum of Law in opposition to the Defendant Barbara Kirkweg's Motion for Summary Judgment. In moving for summary judgment on Counts I through IV of Plaintiff's Complaint, Defendant Kirkweg adopts the arguments raised by Defendants City of New York ("City"), the New York City Department of Education ("DOE" or the "Department") and Bronx Aerospace Academy High School ("Bronx Aerospace" or the "School") (collectively, "City Defendants"). For the reasons set forth in Plaintiff's memorandum of law in opposition to City Defendants' Motion for Summary Judgment, Defendant Kirkweg's motion for summary judgment on these claims should be denied as well.

Defendant Kirkweg's Motion for Summary Judgment also seeks dismissal of Plaintiff's cause of action for defamation asserted solely against her. In her memorandum of law, Defendant Kirkweg presents a single argument supporting her motion, namely, she argues that she is entitled to summary judgment because, as she asserts, the statements attributed to her are true. While Defendant Kirkweg acknowledges that she may have other arguments which might support such a motion, in a calculated legal strategy, she declines to present such arguments to the Court and instead relies on this singular argument. Even assuming that the statements attributed to Defendant Kirkweg are true (which they are not), she is not entitled to summary judgment as a matter of law because New York law recognizes a claim for defamation by implication. Notwithstanding the viability of Plaintiff's claim under a defamation by implication theory, Defendant Kirkweg's motion for summary judgment also fails with respect to her claim that the statements attributed to her are true because, at the very least, there are genuine issues of material fact which precludes summary judgment on this claim.

# STATEMENT OF MATERIAL FACTS[1]

Plaintiff's claim of defamation stems from an article that was published in the New York Daily News ("Daily News") on May 14, 2008 which reported that Bronx Aerospace's Junior Reserve Officer Training Corps ("JROTC") program had been placed on suspension. (Plaintiff's 56.1 Rule 56.1 Counterstatement ("Pl. 56.1 Stmt."), ¶ 24). The Air Force's decision to place the School's JROTC program on suspension was the culmination of concerns raised over a number of years regarding the School's JROTC program as well as the funds that the Air Force had provided to the School. (Pl. 56.1 Stmt. ¶¶ 13-20). Specifically, the Air Force raised concerns about the following: (i) the reconciliation of Air Force funds provided to the School, (ii) JROTC instructors being assigned duties or teaching disciplines outside of the JROTC program, (iii) the mandatory enrollment of all Bronx Aerospace students in the JROTC program, which was required to be voluntary, (iv) insufficient classroom, storage and office space, and (iv) the unusually high turnover rate of instructors at Bronx Aerospace. (Pl. 56.1 Stmt. ¶ 17). With respect to the funds provided by the Air Force for the operation of the JROTC program, the Air Force noted that there was $66,800 in funds that had been provided to the School that had not been accounted for with appropriate receipts and other documentation. (Pl. 56.1 Stmt. ¶ 18). As a result of what the Air Force noted as "a lack of response or resolution to these discrepancies," the Air Force placed the School's JROTC program on a one-year suspension. (Pl. 56.1 Stmt. ¶ 16).

On May 14, 2008, the New York Daily News ("Daily News") published an article entitled "Air Force May Ground B[ron]x H[igh] S[chool]" ("Daily News Article") which referenced the Air Force's recent decision to place the School's JROTC program on probation

---

[1] The Court is respectfully referred to the more detailed enumeration of relevant facts set forth in Plaintiff's accompanying Statement of Material Facts pursuant to Local Rule 56.1.

2

and stating that the School "could lose its funding because of rule violations and $66,800 in unaccounted money." (Pl. 56.1 Stmt. ¶¶ 24-26). The Daily News Article also contained the following quote which it attributed to Defendant Kirkweg:

> Kirkweg said the Air Force probation came on the word of a retired Air Force sergeant who she is firing from the ROTC program. That sergeant, she said, was one of the people in charge of the ROTC account where funds were in question.

(Pl. 56.1 Stmt. ¶ 27). The Daily News Article went on to quote Ms. Kirkweg as stating, "[t]he School had no access to these funds." (Pl. 56.1 Stmt. ¶ 28).

At the time that the Daily News Article was published, it was common knowledge among the staff and students of the School that Plaintiff's employment was being terminated, especially because TSgt. McCoy and TSgt. continued to teach classes while Plaintiff was assigned to hallway duty. (Pl. 56.1 Stmt. ¶ 40). After the Daily News Article was published, Plaintiff was approached by numerous students that he had taught prior to his assignment to hallway duty who told him, in sum and substance, "Don't worry, we know you didn't take the money." (Pl. 56.1 Stmt. ¶ 41).

## ARGUMENT

**I.    DEFENDANT KIRKWEG'S MEMORANDUM OF LAW SHOULD BE STRICKEN**

Defendant Kirkweg's Memorandum of Law should be stricken as a result of her failure to comply with this Court's Order granting her an extension to file her motion for summary judgment. Despite having been given an extension to file her motion for summary judgment from Friday, August 27, 2010 until Tuesday, August 31, 2010, Defendant Kirkweg still failed to file her Memorandum of Law by the Court-ordered deadline. As the docket clearly indicates, Defendant Kirkweg filed her memorandum on September 1, 2010. Thus, her memorandum is untimely and should be stricken for failure to comply with this Court's Order granting her an

extension of time to file her motion for summary judgment. While Defendant Kirkweg's counsel indicates that this was an oversight, such lack of diligence and attention to a Court-ordered deadline should not be excused as a mere oversight.

II. **DEFENDANT KIRKWEG HAS FAILED TO MEET THE STANDARD FOR SUMMARY JUDGMENT**

Summary judgment may not be granted unless the submissions of the parties, taken together, "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Here, Defendant Kirkweg bear the burden of making this showing, and the Court must view all facts in the light most favorable to Plaintiff, resolving all ambiguities and drawing all inferences in his favor. *See Tomassi v. Insignia Financial Group, Inc.*, 478 F.3d 111, 116 (2d Cir. 2007); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Indeed, "at the summary judgment stage the judge's function is not . . . to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Kessler v. Westchester Cty. Dep't of Social Servs.*, 461 F.3d 199, 206 (2d Cir. 2006) (internal citation omitted); *see also Jasco Tools, Inc. v. Dana Corp.*, 574 F.3d 129, 152 (2d Cir. 2009) (because "a jury is free to believe part and disbelieve part of any witness's testimony . . . the court considering a summary judgment motion must disregard all evidence favorable to the moving party that the jury is not required to believe.") (citations and internal quotations omitted).

III. **DEFENDANT KIRKWEG IS NOT ENTITLED TO SUMMARY JUDGMENT ON PLAINTIFF'S DEFAMATION CLAIM**

In order to state a cause of action for defamation *per se*, a plaintiff must plead "(1) a false and defamatory statement of fact concerning the plaintiff; (2) that was published by the defendant to a third party; (3) due to the defendant's negligence . . . and (4) . . . per se actionability." *Pisani v. Staten Island Univ. Hosp.*, No. 06 Civ. 1016, 2008 U.S. Dist. LEXIS

30855, at *24-25 (E.D.N.Y. Apr. 15, 2008). "Where a plaintiff alleges that statements are false and defamatory, the legal question for the court on a motion to dismiss is whether the contested statements are reasonably susceptible to a defamatory meaning." *Armstrong v. Simon and Schuster*, 85 N.Y.2d 373 (1995); *see also Equinox Mgt. Group, Inc. v. Guardian Life Ins. Co.*, 813 N.Y.S.2d 403, 404 (1st Dep't 2006). Additionally, it is important to note that, "[a]llegedly defamatory statements should be construed 'not with the close precision expected from lawyers and judges but as they would be read and understood by the public to which they are addressed.'" *Krepps v. Reiner*, 588 F. Supp. 2d 471, 484 (S.D.N.Y. 2008).

### A. EVEN ASSUMING THE TRUTH OF DEFENDANT KIRKWEG'S STATEMENTS, PLAINTIFF HAS DEMONSTRATED A CLAIM FOR DEFAMATION BY IMPLICATION WHICH SURVIVES SUMMARY JUDGMENT

At present, Defendant Kirkweg's motion for summary judgment only addresses the first element of a claim for defamation, arguing simply that she "seeks by her motion to have plaintiff's defamation claim dismissed as a matter of hornbook law simply because the statements attributed to her in the Daily News Article are true." (*See* Defendant Kirwkeg's Memorandum of Law, at 2). While Plaintiff does not dispute Defendant Kirkweg's argument that truth is generally a defense to a claim of defamation (though Defendant Kirkweg fails to cite to any legal authority supporting her position),[2] Defendant Kirkweg is not entitled to summary judgment because Plaintiff has established a claim for defamation by implication.

There can be no dispute that New York recognizes a claim for defamation by implication. *See Armstrong v. Simon & Schuster, Inc.*, 85 N.Y.2d 373, 380-81 (1995); *Levin v. McPhee*, 119 F.3d 189, 196 n.5 (2d Cir. 1997). As explained by the New York Court of Appeals, "'[d]efamation by implication' is premised not on direct statements but on false suggestions,

---

[2] In fact, Defendant Kirkweg's five page memorandum of law contains only two citations to any legal authority both of which are cited in Defendant Kirkweg's conclusion and are insufficient to establish that Defendant Kirkweg is entitled to summary judgment on Plaintiff's defamation claim.

5

impressions and implications arising from otherwise truthful statements." *Armstrong*, 85 N.Y.2d at 380-81 (citing *Memphis Publ. Co. v. Nichols*, 659 S.W.2d 412, 420 (Tenn. 1978). In *Armstrong*, the New York Court of Appeals rejected the same argument advanced by Defendant Kirkweg in her motion that the defamation claim must fail because each statement contained therein is true. *Armstrong*, 85 N.Y.2d at 380-81. Further, as the court noted in *Memphis Publishing*, which was cited approvingly by *Armstrong*, "[t]ruth is available as an absolute defense only when the defamatory meaning conveyed is true."

At present, even assuming the truth of the statements contained in the Daily News Article, the defamatory meaning conveyed by these statements is clear – namely, that Plaintiff was responsible for $66,800 in unaccounted for Air Force funds and, as a result, she was terminating his employment with Bronx Aerospace. The defamatory implication of Defendant Kirwkeg's statement is clear when viewed in the full context of the Daily News Article. At the outset, the article notes that Bronx Aerospace "could lose its funding because of rule violations and $66,800 in unaccounted money," a reference to the Air Force's recent decision to place the School's JROTC program on probation. (Pl. 56.1 Stmt. ¶ 26). Later, the article states that: "Kirkweg said the Air Force probation came on the word of a retired Air Force sergeant who she is firing from the ROTC program. That sergeant, she said, was one of the people in charge of the ROTC account where funds were in question." (Pl. 56.1 Stmt. ¶ 27). Defendant Kirkweg is then quoted as saying, in reference to the JROTC bank account, "[t]he School had no access to any of these funds." (Pl. Stmt. ¶ 28). Based on the foregoing, it is clear that Defendant Kirkweg is attempting to deflect blame from herself and portray Plaintiff as responsible both for the "$66,800 in unaccounted money" and the Air Force probation. Further, Defendant Kirkweg furthers the false impression that is drawn by the reader by referencing the fact that she was

firing TSgt. Mahaffy, thus insinuating that her decision to terminate his employment was somehow related to either the "$66, 800 in unaccounted for money" or the rule violations that the article references as the cause of the recent Air Force probation. The defamatory meaning conveyed in these statements are demonstrably false, however, because Plaintiff kept detailed and accurate records accounting for any expenditures related to the JROTC account and Defendant Kirkweg did not base her decision to terminate Plaintiff's employment on anything related to the Air Force funds. (Pl. 56.1 Stmt. ¶¶ 19,36).

Finally, there is no question that Defendant Kirkweg intended to implicate Plaintiff as responsible for the "$66,800 in unaccounted money" as she emailed a representative of the DOE's press office a day prior to emphasize that one of the key points that she wished to address with the reporter was that, "[o]nly Air Force sergeants had access to the funds during the time period in question. Therefore, any discrepancy must be answered by Air Force personnel." (Pl. 56.1 Stmt. ¶¶ 34-35). Thus, Defendant Kirkweg's primary goal was to deflect blame away from herself and towards Plaintiff, a fact which she accomplished given that, following the Daily News Article, Plaintiff was approached by numerous students who had read the article and told him, in effect, "Don't worry, we know you didn't take the money." (Pl. 56.1 Stmt. ¶ 41).

In light of the foregoing, Defendant Kirkweg's singular grounds for moving for summary judgment – *i.e.*, that the statements attributed to her in the Daily News Article were true – does not entitle to her judgment as a matter of law and, thus, Plaintiff respectfully requests that the Court deny Defendant Kirkweg's motion for summary judgment on Plaintiff's defamation claim.

    **B.**    **THE STATEMENTS ATTRIBUTED TO DEFENDANT KIRKWEG ARE NOT TRUTHFUL STATEMENTS**

Notwithstanding the fact that Plaintiff's claim for defamation by implication survives Defendant Kirkweg's motion for summary judgment, Defendant Kirkweg's motion also fails

because the statements attributed to her in the Daily News Article were not entirely truthful. Specifically, in an attempt to deflect blame for the Air Force probation away from where it properly belongs – with herself – Defendant Kirkweg makes two statements which she knew, or should have known, were blatantly untrue and, at the very least raise genuine issues of material fact regarding their falsity which preclude summary judgment on this claim.

First, Defendant Kirkweg assumes that the Air Force probation "came on the word of" Plaintiff, yet, while she testified that this was her belief, she also testified that her belief was based on the assumption that, because Plaintiff and the other JROTC instructors had a meeting with representatives of the Air Force prior to the School being placed on probation, they were responsible for the probation. (Pl. 56.1 Stmt. ¶ 21-22). Her assumption, however, is belied by the fact that she also met privately with the representatives of the Air Force prior to the probation and discussed the Air Force's "concerns related to the School's use of Air Force JROTC instructors and the current status of the funds that the Air Force had provided to the School for the operation of the JROTC program." (Pl. 56.1 Stmt. ¶ 23). Further, the Air Force probation could not have "come on the word of" Plaintiff because the Air Force had raised many of the same issues with the School prior to Plaintiff's employment with the School. (Pl. 56.1 Stmt. ¶ 14-15). Thus, as Defendant Kirkweg was well aware, it is demonstrably false that the Air Force probation "came on the word of" Plaintiff.

Second, in a reference to the "$66,800 in unaccounted funds," Defendant Kirkweg is quoted as saying, "[t]he school had no access to any of those funds." (Pl. 56.1 Stmt. ¶ 28). This statement is also untrue, given that Defendant Kirkweg had access (though not signatory authority) to such funds as evidenced by the fact that, on numerous occasions, Defendant Kirkweg instructed Plaintiff to make certain payments from the JROTC bank account. (Pl. 56.1

8

Stmt. ¶ 46). Specifically, Defendant Kirkweg instructed Plaintiff to make the following payments from the JROTC account:

- A loan payment of $2,000 to the School's gym teacher which Plaintiff was told was meant to cover a payroll error; (Pl. 56.1 Stmt. ¶ 47);

- A loan of $3,000 to one of the other JROTC instructors who was experiencing financial hardships; (Pl. 56.1 Stmt. ¶ 48); and

- A payment of more than $5,500 for the School's JROTC awards banquet (which was not an approved expense per the Air Force policy on expenditures) which Defendant Kirkweg said was reimbursement for transportation expenses that Defendant Kirkweg claimed that School had incurred on the JROTC's behalf during the prior school year; (Pl. Stmt. 56.1 ¶ 49).

For her part, Defendant Kirkweg admits that she asked Plaintiff to use JROTC funds to pay for an end of year awards banquet, but denies having "instructed" Plaintiff to do so, stating that, "I could not instruct Sergeant Mahaffy to do anything with the money [from the JROTC account]" (Pl. 56.1 Stmt. ¶ 52). With respect to the loans to other teachers at the School, Defendant Kirkweg specifically denies instructing Plaintiff to make loans from the JROTC account to either the School's gym teacher or the other JROTC instructor. (Pl. 56.1 Stmt. ¶ 51).

Finally, Defendant Kirkweg's credibility in this regard is seriously undermined by the results of the results of the investigation conducted by Special Commissioner of Investigation for the New York City School District ("SCI"). In January 2009, SCI began an investigation into concerns regarding various bank accounts assigned to Bronx Aerospace, including, among others, the bank account related to the Air Force JROTC program. (Pl. 56.1 Stmt. ¶ 42). The SCI investigation report described, in detail, a number of questionable expenditures that Defendant Kirkweg admitted she authorized and concluded that Defendant Kirwkeg "failed to follow standard operating procedures with respect to the school's finances." (Pl. 56.1 Stmt. ¶ 43)

In light of the dispute regarding whether Defendant Kirkweg instructed Plaintiff to make these payments – and thus whether she had access to these funds – and in light of the finding of the SCI Investigation, there are genuine issues of material fact regarding the truthfulness of the statements attributed to Defendant Kirkweg in the Daily News Article which preclude summary judgment on Plaintiff's defamation claim.

## CONCLUSION

For all the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendant Kirkweg's motion for summary judgment in its entirety and calendar the trial of this action to commence expeditiously.

Dated: September 24, 2010
      New York, New York

Respectfully submitted,

THOMPSON WIGDOR & GILLY LLP

By: _____
    Scott B. Gilly
    Gregory N. Filosa

85 Fifth Avenue, Fifth Floor
New York, New York 10003
Telephone: (212) 257-6800
Facsimile: (212) 257-6845

*Counsel for Plaintiff Robert Mahaffy*